

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2002

# Wolk v. NTSB

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4112

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Wolk v. NTSB" (2002). *2002 Decisions.* Paper 487.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/487

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-4112


ARTHUR ALAN WOLK,
                              Appellant
              v.

NATIONAL TRANSPORTATION SAFETY BOARD;
ALLIEDSIGNAL, INC; HONEYWELL INTERNATIONAL, INC.;
UNITED STATES OF AMERICA, NATIONAL TRANSPORTATION
SAFETY BOARD; CAROL DINWIDDIE; DANIEL CAMPBELL;
FRANK GATTOLIN; TEN UNKNOWN NTSB EMPLOYEES,
                              Appellees
                 _____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 00-cv-06394 )
District Judge:   Honorable Ronald L. Buckwalter
                 _____


Argued July 15, 2002
Before:   McKEE, WEIS and DUH1,* Circuit Judges.

(Filed August 8, 2002)
                 _____


_____

        *Honorable John M. Duh , Jr., United States Circuit Judge for the Fifth
Circuit Court of Appeals, sitting by designation.
                 _____

Arthur Alan Wolk, Esquire (ARGUED)
WOLK & GENTER
1710-12 Locust Street
Philadelphia, Pennsylvania   19103

Attorney for Appellant (pro se)

Richard M. Bernstein, Esquire (ARGUED)
Assistant United States Attorney
Patrick L. Meehan, Esquire
United States Attorney
James G. Sheehan, Esquire
Assistant United States Attorney
Chief, Civil Division
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania   19106-4476

Attorneys for Appellees National Transportation Safety Board; United States of America;
Carol Dinwiddie; Daniel Campbell; Frank Gattolin; and Ten Unknown NTSB Employees

Patricia Proctor, Esquire (ARGUED)
William M. Brown, III, Esquire
Jason P. Gosselin, Esquire
DRINKER BIDDLE & REATH, LLP
One Logan Squire, 18th & Cherry Streets
Philadelphia, PA 19103-6996

Attorneys for Appellees AlliedSignal, Inc. and Honeywell International, Inc.

_____

OPINION


WEIS, Circuit Judge.

Because this Opinion is non-precedential, we will only briefly sketch the pertinent facts of the case.

Plaintiff is an attorney specializing in the representation of parties injured or killed in airplane accidents. He is also an experienced amateur aviator. In 1985, plaintiff purchased a Korean War-era jet fighter plane, a Grumman F9F-2 Panther, which he had restored to flying condition. The FAA issued plaintiff a permanent license in 1987, and he flew the Panther in a number of air shows in the years following.

In September 1996, plaintiff experienced problems with the fuel system shortly after takeoff and was forced to make an emergency landing. The plane overshot the runway, crossed a highway and ultimately crashed into a hill. Plaintiff sustained serious injuries, but fortunately recovered.

The National Transportation and Safety Board, with the assistance of the AlliedSignal Company, investigated the accident and prepared a report. After reviewing the findings, plaintiff advised the Board that the report contained a number of errors, particularly with respect to his authorizations and qualifications to fly the Panther. The Board, conceding its mistakes, apologized to plaintiff, withdrew the report, and advised those who had obtained a copy of it of the errors. It then initiated another investigation in which some of the errors were corrected. Unfortunately, its second report, which was apparently posted on the NTSB's website in late December 1999, reiterated errors contained in the original report, including those suggesting that plaintiff was not qualified to fly the Panther.

Plaintiff filed suit in the United States District Court for the Eastern District of Pennsylvania against the NTSB, some of its employees and AlliedSignal. His 53-page second amended complaint, together with a number of attached exhibits, alleged eight separate causes of action and sought compensatory and injunctive relief. The District Court, after conducting an exhaustive examination and analysis of each of the counts, dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. We have carefully reviewed the District Court's opinion and, despite the excellent brief and oral argument on appeal by plaintiff, do not find reversible error.

We can understand the plaintiff's frustration with the Board's actions. Although it acknowledged errors in its original report posted on the Internet, apparently through some sort of bureaucratic bumbling the Board repeated the same mistakes in the second report. We are certain that the District Court also sympathized with the plaintiff's irritation, but concluded as do we that there was not a legal basis for recovery.

With respect to the plaintiff's criticism of the "party system" employed by the NTSB in accident investigations, we are persuaded that changes to that procedure is a matter for Congress and not the courts. See Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc., 435 U.S. 519 (1978).

Accordingly, the judgment of the District Court will be affirmed.

_____

TO THE CLERK:

     Please file the foregoing Opinion.


                    /s/ Joseph F. Weis, Jr.
                    United States Circuit Judg